**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD VINCENT ORCUTT,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>JACOB PELLETIER, individually, and in his official capacity as a police officer for the City of San Luis Obispo; JOSH BYWATER, individually, and in his official capacity as a police officer for the City of San Luis Obispo; EVAN STRADLEY, individually, and in his official capacity as a police officer for the City of San Luis Obispo; MIGUEL LOZANO, individually, and in his official capacity as a police officer for the City of San Luis Obispo; DOES, 1-50 inclusive, individually, and in their official capacities as peace officers of the City of San Luis Obispo, jointly and severally,<br><br>              Defendants-Appellees. | No. 22-55494<br><br>D.C. No. 2:21-cv-05224-GW-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 7, 2023
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and MURPHY,** District
Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Richard Orcutt appeals the district court's dismissal of his claims under 42 U.S.C. § 1983 against Officers Josh Bywater and Evan Stradley of the San Luis Obispo Police Department ("SLO PD"). Orcutt alleged that Bywater and Stradley falsified evidence used in a police investigation that led to criminal charges that were subsequently dropped. Reviewing de novo, *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996), we affirm on the ground that Orcutt failed to plead sufficient facts to state a claim.

In his brief on appeal, Orcutt contends that he adequately pleaded that "Bywater and Stradley deliberately falsified police reports, thereby violating Orcutt's right . . . 'not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government'" (quoting *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc)). To establish this claim, Orcutt must plead sufficient facts to show that the alleged deliberate fabrication "*caused* [his] deprivation of liberty"—here, the filing of charges against Orcutt for, *inter alia*, alleged criminal threats, some of them with "hate crime" enhancements. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (emphasis added). Ordinarily, to establish the requisite causation, "the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a

2

type that a reasonable person would see as a likely result of the conduct in question." *Id.* We have also held, however, that in "certain circumstances," a "less demanding causal standard[]" applies, under which the plaintiff "can establish factual causation if he can show a reasonable likelihood" that the falsified evidence affected the relevant decision. *Richards v. County of San Bernardino*, 39 F.4th 562, 573–74 (9th Cir. 2022). We need not resolve whether this case is governed by the traditional but-for causation standard or "the less demanding materiality causation standard" of *Richards*, *id.* at 573, because we conclude that Orcutt failed to plead sufficient facts to raise a "plausible inference" of causation under either standard, *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Orcutt alleges that Bywater fabricated evidence against him by falsely stating in a written police report that Orcutt made racist comments in the police car after his arrest. But Orcutt's own complaint confirms that the alleged racist comments were cumulative of other evidence and collateral to the grounds for charging him. The complaint alleges that John MacDonald, a former coworker of Orcutt's, had stated, both to a SLO PD officer and at the preliminary hearing, that the handwriting contained in the threatening cards appeared to be Orcutt's. Orcutt's brief correctly portrays this handwriting identification as "the only direct evidence linking [him] to the crime." Orcutt attached the transcript of the preliminary hearing to his complaint, and the prosecutor explained at the hearing

3

that she was dismissing the charges because the FBI's expert handwriting analysis was unable to corroborate MacDonald's identification and the investigation had "really found nothing that could corroborate this case." Moreover, Orcutt does not challenge Stradley's report that one of Orcutt's neighbors claimed that Orcutt used "racist language and racial epithets" on several occasions. Given (1) the undisputed centrality of MacDonald's handwriting identification to the decision both to bring and to drop the charges; and (2) the unchallenged report that another neighbor had claimed that Orcutt made racist comments, it is wholly implausible to infer that Orcutt's alleged additional racist comments in the police car after his arrest played any material role in the filing of criminal charges against him.

For similar reasons, Orcutt's claim that Stradley intentionally falsified evidence also fails. Orcutt alleged that, in reporting MacDonald's handwriting identification, Stradley falsely stated that MacDonald had communicated that identification to Stradley, when in fact MacDonald stated at the preliminary hearing that he had made that statement to another officer. But given that the complaint concedes that MacDonald did in fact communicate his handwriting identification to the SLO PD, it is implausible to infer that the identity of the particular officer to whom MacDonald spoke was a material causal factor in the decision to pursue charges.

Finally, we reject Orcutt's contention that the district court abused its

4

discretion by denying him leave to amend his complaint. Orcutt has wholly failed to explain how any amendment, if permitted, could cure the defects we have identified.

**AFFIRMED.**